1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUST WIN, INC., a California corporation; and URBAN EXPRESSIONS, INC., a California corporation, | Case No. 13-cv-01581-JLS-JPR |
| Plaintiff, | **FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| LA DOUBLE 7, a California corporation; SHANG JING DING, an individual; DOES 1 through 5 | |
| Defendants. | |

---

WHEREAS, Plaintiffs Must Win, Inc. and Urban Expressions, Inc. (collectively, "Plaintiffs" or "Urban Expressions") are the exclusive and sole owner of the rights in various URBAN EXPRESSIONS marks in connection with making, marketing and selling high-quality, vegan and animal-free bags, including United States Trademark Registration Nos. 3,878,378 and 4,211,669 (collectively, the "URBAN EXPRESSIONS Mark");

WHEREAS, Defendants LA Double 7, Inc. ("LA Double 7") and Shang Jing Ding ("Ding") (jointly, severally and collectively "Defendants") obtained Urban Expressions' branded bags from a Chinese distributor and falsely represented, advertised, and/or offered to sell Urban Expressions bags under their own LA Double 7 name and mark (collectively, the "Infringing Products");

WHEREAS, a dispute has arisen between Urban Expressions and Defendants in that Urban Expressions has alleged that Defendants' falsely representing, advertising, and/or offering to sell Urban Expressions bags under the LA Double 7 name and mark violates Urban Expressions' rights in the URBAN EXPRESSIONS Mark and constitutes, among other things, false designation of origin and unfair competition;

WHEREAS, on or about March 5, 2013, Urban Expressions commenced the above-captioned action ("Action") against Defendants, alleging, among other things, claims of trademark infringement, false designation of origin and unfair competition;

WHEREAS, Urban Expressions and Defendants have reached a full and final settlement of the Action, which settlement was memorialized in a certain document dated September 11, 2013 (the "Agreement"); and

WHEREAS, the Agreement provides, in pertinent part, that Defendants consent to the entry of a permanent injunction enjoining Defendants from removing, obliterating and/or covering or assisting others to remove, obliterate or cover the URBAN EXPRESSIONS Mark from Urban Expression products and

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

using or assisting others to use any other mark, logo, name or designation on Urban Expression products.

NOW, THEREFORE, it is,

ORDERED, ADJUDGED and DECREE that:

1.　　This Court has jurisdiction over the subject matter of this Action and over the parties hereto.

2.　　Urban Expressions is the owner of the URBAN EXPRESSIONS Marks, which are valid, enforceable, well-known and highly recognized.

3.　　Defendants engaged in reverse passing off by offering to sell Urban Expression products under another mark, logo, name or designation, such as the LA Double 7 name and mark.

4.　　Each Defendant and its officers, members, principals, agents, servants, employees and all persons and entities in active concert or participation with any of them, be and hereby are permanently restrained and enjoined from engaging in violating Urban Expressions' rights with respect to the URBAN EXPRESSIONS Marks, either directly or indirectly, in any manner, including:

(a)　　distributing, circulating, advertising, marketing, promoting, importing, exporting, displaying, shipping, offering for sale or selling Urban Expression products under a mark, logo, name or designation that is not URBAN EXPRESSIONS, including, without limitation, the LA Double 7 name and mark;

(b)　　committing any other acts calculated to cause purchasers to believe that Urban Expressions' genuine products are Defendants' products or associated with either Defendant in any way; and

(c)　　assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) and 5(b) above.

5.　　Defendants are jointly and severally liable to Urban Expressions for monetary compensation in the amount specified in the Agreement.

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

6.     Each party shall bear its own costs, expenses, and attorneys' fees associated with this Action.

7.     The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

8.     The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof.  Except as otherwise provided herein, this Action is fully resolved in favor of Urban Expressions with prejudice as to Defendants.

9.     After the Court has entered this Judgment, Urban Expressions shall promptly provide a copy of it to Defendants, and Urban Expressions shall file with the Court a proof of service thereof within ten (10) days thereafter.

Dated: October 22, 2013

_____

Josephine L. Staton
United States District Judge

**FINAL JUDGMENT AND PERMANENT INJUNCTION**